**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    Case No.:   3:14-cr-22-J-39MCR

ROBERT KEITH CLAIBORNE

_____/

**ORDER**

This case is before the Court on Defendant Robert Keith Claiborne's Motion for Compassionate Release. (Doc. 68). Defendant is a 50-year-old inmate incarcerated at Oakdale FCI, serving a 188-month term of imprisonment for two counts of unarmed bank robbery. (Doc. 45, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on June 29, 2027. Defendant seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because he tested positive for Covid-19 on June 9, 2020, and because medical records reflect that he has high blood pressure, "fatty infiltration of the liver," and a benign cyst or lesion on his right kidney. (See Doc. 68-1, Medical Records; see also Doc. 71, Supplement; Doc. 72, Addendum). There is no indication that the lesion is cancerous or malignant. Defendant also submitted documentation that on May 20, 2020, the Occupational Safety and Health Administration (OSHA) advised Oakdale FCI that it was not in compliance with OSHA standards because the facility was failing to adequately protect employees

1

from Covid-19. (Doc. 72-1 at 2-3). In the Addendum, Defendant also claims he has a family history of diabetes and heart disease. (Doc. 72 at 2).

The United States opposes the motion because Defendant did not exhaust his administrative remedies, because Defendant does not identify extraordinary and compelling circumstances, because Defendant is a danger to the community, and because the § 3553(a) factors do not support a reduction in sentence. (Doc. 70, Response).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[1] A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

Assuming, for the sake of argument, that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, Defendant has not demonstrated the existence of "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Although Defendant

---

[1] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

3

tested positive for Covid-19 on June 9, 2020, the record does not indicate the extent to which Defendant has developed any symptoms. See Response at 10.

Moreover, even if Defendant had shown extraordinary and compelling circumstances, Defendant does not qualify for compassionate release because he is a danger to the public and because the sentencing factors under 18 U.S.C. § 3553(a) do not support early release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). Defendant was convicted of two unarmed bank robberies, and he admitted committing five other robberies in the Jacksonville, Florida area between July 2013 and December 2013. (Doc. 34, Plea Agreement at 17-20). Defendant has a lengthy criminal history that includes prior convictions for burglary, unauthorized entry of a dwelling, and a 1996 federal conviction on six counts of bank robbery, for which he served 14 years in prison. (Doc. 42, Amended PSR at ¶¶ 69, 71, 72). Defendant committed the instant robberies while on supervised release for the 1996 robbery convictions. Id. at ¶ 74. Although the Court commends Defendant for undertaking efforts in prison to better himself (see, e.g., Doc. 71 at 11; Doc. 72-1 at 13), the evidence is not enough to mitigate this serious criminal history. Additionally, Defendant still has approximately seven years remaining on his 188-month prison sentence. Reducing Defendant's prison sentence by seven years would be inconsistent with the § 3553(a) factors.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 68) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of July, 2020.

BRIAN J. DAVIS
United States District Judge

Copies:
Counsel of record
Defendant

5